UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
----------------------------------------------------------X
Brandi Fletcher,

                   Plaintiff,

           -against-

Enhanced Recovery Company, LLC,

                  Defendant.
----------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

Plaintiff Brandi Fletcher ("Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, as and for her Complaint against Defendant Enhanced Recovery Company, LLC ("Defendant"), respectfully sets forth, complains and alleges the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking damages and declaratory relief arising from Defendant's violation(s) of §1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a natural person and a resident of the State of Oregon, County of Lane, residing at 33545 Bloomberg Road Eugene, OR 97405. At all relevant times herein, Plaintiff maintained her residence at this address.

3. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Delaware and authorized to conduct business in the State of Oregon. Upon further information and belief, Defendant's principal place of business is 8014 Bayberry Rd, Jacksonville, FL 32256.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief and at all relevant times, Defendant is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) of the FDCPA. Indeed, upon information and belief, on a website maintained by Defendant at the URL address of www.erccollections.com, Defendant informs visitors to the site, "Partnering with the right collection agency is an integral decision in the effective management of the accounts receivable cycle." Thus, Defendant holds itself out as a "debt collector" and is subject to the FDCPA.

6. Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA. Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10.     Defendant contends that Plaintiff incurred a debt to Sprint, account number 924449123, in 2004 ("Alleged Debt"). Upon information and belief, the nature of the underlying debt allegedly owed by Plaintiff is the type of debt the FDCPA was designed to regulate.

11.     Beginning on a date better known to the Defendant, Defendant commenced collection activities against Plaintiff to recover the Alleged Debt. Defendant failed to send Plaintiff the required validation notice within five days of this initial communication pursuant to §1692g(a).

12.     On or about March 20, 2012, Plaintiff sent a letter to the Defendant requesting validation of the Alleged Debt, including any documentation proving that Plaintiff owed the debt, that this debt was within the statute of limitations in Oregon, and that the Defendant was authorized to collect in Oregon. (See letter attached hereto and incorporated herein by reference as "Exhibit A".)

13.     Defendant failed to provide the validation requested by Plaintiff; instead Defendant sent Plaintiff old Sprint bills from 2004. Defendant sent this communication to Plaintiff despite the fact that the Alleged Debt was disputed and not properly validated, in contravention of §1692g(b). The communication did not contain a statement disclosing that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, pursuant to §1692e(11).

14.     On or about May 20, 2012, Plaintiff sent another letter to Defendant, advising Defendant that the information it had provided did not answer Plaintiff's questions or conform to the FDCPA's specifications. Plaintiff unequivocally directed Defendant in writing to cease all communication with her. (See letter attached hereto and incorporated herein by reference as "Exhibit B").

15. Following Defendant's receipt of Plaintiff's second letter, Defendant continued its collection efforts, again sending Plaintiff old Sprint bills. Defendant sent this communication to Plaintiff despite the fact that the Alleged Debt was disputed and not properly validated, in contravention of §1692g(b), and despite Plaintiff's request that Defendant cease communication, in violation of §1692c(c). The bills did not contain a statement disclosing that they were from a debt collector pursuant to §1692e(11).

16. As a result of Defendant's deceptive, misleading and/or unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. §1692g(a)

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. Defendant violated 15 U.S.C. §1692g(a) by failing to send Plaintiff a notice within five days after the initial communication containing the amount of the debt, the name of the creditor to whom the debt is owed, a statement informing Plaintiff that she had thirty days to dispute the debt, that Plaintiff could request validation of the debt, and that Defendant would provide Plaintiff with the name and address of the original creditor upon request.

19. As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. §1692g(b)

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. Defendant violated 15 U.S.C. §1692g(b) by continuing its attempts to collect the Alleged Debt without first validating said debt after Plaintiff requested validation.

22. As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. §1692e(11)

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. Defendant violated 15 U.S.C. §1692e(11) by failing to state in its initial written communication with Plaintiff that Defendant was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

25. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. §1692c(c)

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendant violated 15 U.S.C. §1692c(c) by failing to cease communication with Plaintiff after her written request that Defendant do so.

28. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FIFTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. §1692e(11)

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant violated 15 U.S.C. §1692e(11) by failing to state in its subsequent communication with Plaintiff that the communication was from a debt collector.

31. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### DEMAND FOR TRIAL BY JURY

32. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brandi Fletcher demands judgment from Defendant Enhanced Recovery Company, LLC, as follows:

A. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A);

B. For reasonable attorney's fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

C. For a declaration that the Defendant's practices violated the FDCPA; and,

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       February 6, 2013

Respectfully submitted,

By: s/Jerald Alan Belofsky, Esq.
    Jerald Alan Belofsky, Esq.
    FREDRICK SCHULMAN & ASSOCIATES
    Attorneys at Law
    Attorney for Plaintiff
    30 East 29TH Street
    New York, New York 10016
    P: (212) 796-6053
    F: (212) 951-7379
    info@fschulmanlaw.com